IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| ANNIE ROSE SUTTON, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. 8:24-1665-AAQ |
| CAPITAL CITY MOTORSPORTS LLC, *et al.*, | * |
| Defendants. | * |
| | * |

******

**MEMORANDUM OPINION AND ORDER**

This is a dispute over unpaid wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, and Maryland state law. Pending before the Court is a Joint Motion for Approval of Settlement of the dispute between the parties pursuant to 29 U.S.C. § 216. ECF No. 31. For the reasons discussed below, the Joint Motion shall be granted, and upon the parties' request, the case shall be stayed for fifteen days.

**BACKGROUND**

According to the Complaint and the parties' Joint Motion, Defendants Capital City Motorsports LLC and one of its majority members, Defendant Maurice Slaughter, hired Plaintiff Annie Rose Sutton to work as a Finance Manager at a Harley Davidson dealership in Gaithersburg, Maryland. ECF No. 1, at 1-2. Plaintiff alleges that during the eleven days Defendants employed her, from December 4, 2023 to December 15, 2023, Defendants failed to pay her any wages. *Id.* at 4-6. As a result, Defendants failed to pay Plaintiff a minimum wage or an overtime premium

1

for the overtime hours she worked. *Id.* at 6. Defendants, in turn, deny Plaintiff's version of events. ECF No. 31, at 2. They counter that Plaintiff did not earn any wages, and thus, their failure to pay did not violate the law. *Id.*

Plaintiff initiated this suit on June 7, 2024. ECF No. 1. Her Complaint alleged that Defendants violated the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201–216(b); the Maryland Wage and Hour Law (MWHL), Md. Code Ann., Lab. & Empl. §§ 3-413, 3-420; and the Maryland Wage Payment Collection Law (MWPCL), Md. Code Ann., Lab. & Empl. §§ 3-501–3-507.2, by: (1) failing to pay Plaintiff a minimum wage for the hours she worked; and (2) failing to pay Plaintiff an overtime premium for each hour she worked beyond forty hours per week. ECF No. 1, at 4, 7-10. As relief, Plaintiff sought her unpaid and withheld wages, an additional amount equal to twice her unpaid wages as liquidated damages, and her attorneys' fees and costs. *Id.* at 11.

The parties were scheduled for a settlement conference with Magistrate Judge Gina L. Simms, but before the conference, the parties reached the Settlement Agreement now before the Court. ECF No. 31; ECF No. 32. Defendants have agreed to pay Plaintiff a total of $32,500, consisting of $10,000 in compensatory and liquidated damages, and $22,500 in attorneys' fees and costs. ECF No. 31, at 7.

## STANDARD OF REVIEW

When evaluating settlement agreements for approval under the FLSA, courts must ensure that a settlement "reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

2

In making such a determination, district courts in the Fourth Circuit typically "employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*," which holds that a "FLSA settlement generally should be approved if it reflects 'a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions.'" *Id.* at * 3 (quoting *Lynn's Food Stores*, 679 F.2d at 1355). As part of this assessment, courts must evaluate: (1) whether there are FLSA issues actually in dispute; (2) whether the settlement is fair and reasonable in light of the relevant factors; and (3) whether the attorneys' fees, if included in the agreement, are reasonable. *Id.* at *3 (citing *Lane v. Ko-Me, LLC*, No. DKC-10-2261, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011); *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. AJT-08-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)).

## DISCUSSION

The parties have asked the Court to approve their proposed Settlement Agreement. The Court finds that approval is proper, as the Settlement Agreement reflects a fair and reasonable resolution of a *bona fide* dispute between the parties.

### A. Existence of a *Bona Fide* Dispute

To determine "whether a *bona fide* dispute exists as to a defendant's liability under the FLSA," the Court should "examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Duprey v. Scotts Co.*, 30 F. Supp. 3d 404, 408 (D. Md. 2014) (citing *Lomascolo*, 2009 WL 3094955, at *16–17). "Disagreements over rates of pay and hours worked can constitute *bona fide* disputes over a defendant's liability." *Fernandez v. Washington Hosp. Servs., LLC*, AAQ-23-839, 2023 WL 4627422, at *2 (D. Md. July 19, 2023); *see Duprey*, 30 F. Supp. 3d at 408 (finding a *bona fide* dispute where the "parties disagree[d] about Duprey's rate of pay and hours worked"); *Smith v. David's Loft Clinical Programs, Inc.*, No. LKG-

3

21-2341, 2022 WL 16553228, at *4 (D. Md. Oct. 31, 2022) (finding a bona fide dispute where plaintiffs alleged that they were misclassified as exempt employees under the FLSA and defendants said they relied on legal advice in making their classification); *Galizia v. Ricos Enters., Inc.*, No. DKC-21-2592, 2022 WL 374511 (D. Md. Feb. 8, 2022) (finding a *bona fide* dispute where defendants contested the number of hours plaintiffs worked); *Hernandez v. Microfit Auto Parts, Inc.*, No. TDC-19-0984, 2021 WL 1311579, at *4 (D. Md. Apr. 8, 2021) (finding a *bona fide* dispute where defendants denied plaintiff's claims of underpayment).

In their Joint Motion, the parties state that the proposed settlement resolves a *bona fide* dispute because Defendants and Plaintiff disagree regarding: (1) the dates of Defendants' employment of Plaintiff; (2) whether Plaintiff was an employee exempt from the statues under which she seeks relief; (3) the rate and type of pay Defendants promised Plaintiff; and (4) the number of hours Plaintiff worked. ECF No. 31, at 5-6. This Court has held that these issues are *bona fide* disputes. Accordingly, a *bona fide* dispute exists between the parties under the FLSA.

### B. Fairness and Reasonableness of the Settlement Agreement

In assessing whether a settlement is fair and reasonable, the Court should evaluate the following six factors:

> (1) [T]he extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of . . . counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Saman*, 2013 WL 2949047, at *3 (second omission in original) (quoting *Lomascolo*, 2009 WL 3094955, at *10).

The first factor asks courts to consider the extent to which discovery has taken place. When looking at this factor, courts assess whether the parties have "had adequate time to conduct sufficient discovery to 'fairly evaluate the liability and financial aspects of [the] case.'" *Lomascolo*, 2009 WL 3094955, at *11 (alteration in original) (quoting *A.H. Robins Co. v. Aetna Cas. & Sur. Co. (In re A.H. Robins Co.)*, 88 B.R. 755, 760 (E.D. Va. 1988)). The parties represent that Plaintiff:

> prepared and served initial written discovery requests (interrogatories, requests for admissions, and document requests) to the Defendant. Plaintiff also responded to the Defendants' written discovery requests, including document requests and interrogatories. [Plaintiff's counsel] also prepared and served discovery on third parties – Plaintiff's mobile telephone provider Verizon – to obtain records [they] believed would support Plaintiff's claims regarding the hours she worked.

ECF No. 31, at 8-9 (internal citations omitted). While the parties did not conduct depositions, by avoiding all of the parts of formal discovery, "resources that otherwise would have been consumed by the litigation [can be] made available for settlement, and the risk and uncertainties for both parties [can be] reduced." *Duprey*, 30 F. Supp. 3d at 409. As such, the first factor weighs in favor of approving the Settlement Agreement.

The second factor looks to the current stage of the proceedings. Settlements can be found to be fair where proceeding further would be difficult and costly, and the parties would prefer to end proceedings before significant investment in litigation. *See, e.g.*, *Black v. Reviera Enters., Inc.*, No. DLB-19-201, 2020 WL 6544820, at *2 (D. Md. Nov. 6, 2020) (holding that a settlement agreement was fair and reasonable where parties recognized remaining discovery would require significant investment of time, effort, and financial resources); *Saman*, 2013 WL 2949047, at *4 (finding that the parties' representation that they chose to settle "to avoid the costs of formal discovery, dispositive motions, and a possible trial" supported a finding that the settlement

agreement was fair and reasonable).  Here, the parties note that they extensively discussed the likelihood of success at trial, the weight and reliability of available evidence, and what they would be able to prove were the case to proceed to trial.  ECF No. 31, at 2-3.  Having discussed these factors, the parties determined it was in both of their best interests to settle the case.  *Id.* at 3.  Given the parties' joint preference to terminate proceedings early rather than bear the risk of proceeding to trial, this factor weighs in favor of approving the Settlement Agreement.

The third factor assesses whether there has been fraud or collusion in the formation of the settlement.  There are no facts before the Court that suggest either, allowing the "presumption that no fraud or collusion occurred between counsel[.]"  *Lomascolo*, 2009 WL 3094955, at *12.  Accordingly, this factor weighs in favor of approving the Settlement Agreement.

Under the fourth factor, courts look to the experience of counsel.  Generally, where counsel is well-versed in the underlying law, courts presume that clients have been appropriately advised on the merits and challenges associated with settlement.  *See Hackett v. ADF Rest. Invs.*, 259 F. Supp. 3d 360, 366 (D. Md. 2016) (finding a fair and reasonable settlement where counsel had litigated numerous lawsuits involving wage and hour violations).  Here, Plaintiff is represented by Omar Vincent Melehy, Suvita Melehy, Andrew Balashov, and Alexandre Todorov of Melehy & Associates.  ECF No. 31, at 7-8; ECF No. 31-2.  Mr. Melehy and the other Melehy & Associates professionals who worked on this case have significant experience litigating wage and hour cases on behalf of plaintiffs before this Court.  ECF No. 31, at 9.  Accordingly, the Court is satisfied that Plaintiff's counsel is sufficiently experienced in litigating similar matters, and this factor weighs in favor of approving the Settlement Agreement.

The fifth factor incorporates the opinions of counsel.  Counsel's opinion that the expense and potential duration of litigation weighs in favor of early settlement lends credence to a proposed

settlement agreement. *See Castro v. Early Learning Language Acads., LLC*, No. CBD-18-2421, 2021 WL 915106, at *4 (D. Md. Mar. 9, 2021). In their Joint Motion, both counsel aver that the settlement is reasonable given the settlement amount "represents the full measure of Plaintiff's unpaid salary for the approximately two weeks she worked for Defendants, and an equivalent amount as liquidated damages under the FLSA and MWHL." ECF No. 31, at 3. While "counsel's opinion and recommendation as to the fairness and reasonableness of a settlement is not to be blindly followed," *Saman*, 2013 WL 2949047, at *5 (quoting *Lomascolo*, 2009 WL 3094955, at *12), their representations in this case weigh in favor of approving the Settlement Agreement. For the same reason, the sixth factor—the probability of Plaintiff's success and the relationship between the amount of the settlement and the potential recovery—weighs in favor of approving the Settlement Agreement.

Upon consideration of the relevant factors, the Court finds the Settlement Agreement to be fair and reasonable.

### C. Reasonableness of Attorneys' Fees

The Settlement Agreement must also contain reasonable provisions for allocating attorneys' fees and costs. *Duprey*, 30 F. Supp. 3d at 411. Here, the parties have decided upon an award of $22,500 in attorney's fees and costs. ECF No. 31, at 7.

"In assessing the reasonableness of the fee, courts typically refer to the principles of the traditional lodestar method as a guide[.]" *Hackett*, 259 F. Supp. 3d at 367. The lodestar approach multiplies "the number of hours reasonably expended . . . by a reasonable hourly rate" to achieve "an objective basis on which to make an initial estimate of the value of a lawyer's services." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Under the lodestar approach, an hourly rate "is reasonable if it is 'in line with those prevailing in the community for similar services

by lawyers of reasonably comparable skill, experience, and reputation.'" *Duprey*, 30 F. Supp. 3d at 412 (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)). This Court maintains guidelines regarding appropriate hourly rates in Appendix B to its Local Rules. D. Md. Local R. App. B(3).

The Settlement Agreement provides for $21,604.50 in attorneys' fees and $895.35 in costs. ECF No. 31, at 7. Plaintiff's counsel calculated their fee request by first determining their lodestar amount of $26,318.50 and then, as part of the settlement compromise, reducing that figure by $2,726.50 as an exercise of billing judgment. *Id*.

According to the Joint Motion, Plaintiff's counsel spent 64.2 hours working on this case: 44.2 hours from the firm's attorneys and 20 hours from paralegals and paraprofessionals. *Id.* at 8. Plaintiff's counsel have documented their time spent on this case and provided the Court with an itemized list of work hours along with a description for each entry explaining how the time was spent. ECF No. 31-2. In their Joint Motion, the parties assert, and the Court agrees, this total number of hours is reasonable given Plaintiff's counsel's work researching and drafting the Complaint, calculating damages, meeting with opposing counsel, conducting and responding to discovery, and negotiating and drafting the Settlement Agreement. *Id.* at 8-9. Regarding hourly rates, Plaintiff's counsel charged as follows: Mr. Omar Vincent Melehy charged an hourly rate of $675; Ms. Suvita Melehy charged an hourly rate of $625; Mr. Andrew Balashov charged an hourly rate of $450; and Mr. Alexandre Todorov charged an hourly rate of $375. ECF No. 31, at 7. Plaintiff's counsel also charged an hourly rate of $300 for senior paralegals and law clerks, and $240 for the work of paralegals and law clerks. *Id.* at 8.

These hourly rates are higher than the presumptively reasonable rates outlined in Appendix B to the Local Rules. D. Md. Local R. App. B(3). However, this Court has found these rates to be reasonable in FLSA settlements when all parties have agreed to them. *See*, *e.g.*, *Flores v.*

*Diverse Masonry Corp.*, No. LKG-23-3215, 2024 WL 2863575, at *6 (D. Md. June 6, 2024); *Hernandez v. Nelson Precast Prods., LLC*, No. LKG-21-2814, 2023 WL 7089919, at *7 (D. Md. Oct. 26, 2023).   Plaintiff's counsel also negotiated a reduction in their lodestar, thereby lowering the attorneys' fee request from $26,318.50 to $21,604.50 and narrowing the discrepancy between the guidelines and the requested rates.   ECF No. 31, at 7.   Accordingly, the Settlement Agreement awards reasonable attorneys' fees and costs.

## CONCLUSION

For the reasons stated above, the Joint Motion for Approval of Settlement, ECF No. 31, shall be granted.   The Court shall stay this matter for a period of fifteen days to allow Defendants time to make the settlement payments due under the Agreement.

So ordered.

Date:   February 4, 2025               /s/
                                                                Ajmel A. Quereshi
                                                                United States Magistrate Judge